IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIEGO LUCERO,

        Plaintiff,

v.                                              Civ. No. 09-1030 MV/KBM

TOWN OF ELIDA et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Abate Time to Respond to Summary Judgment (Doc. No. 19).  By the Motion, Plaintiff seeks certain discovery prior to responding to Defendants' pending Motion for Summary Judgment on Plaintiff's Procedural Due Process Claims (Doc. No. 16).  As set forth below, this Court will grant Plaintiff's request for certain discovery and will extend the time Plaintiff has to respond to Defendants' Motion for Summary Judgment.

## FACTUAL BACKGROUND

This case arises out of Plaintiff Diego Lucero's alleged wrongful termination.  In his Amended Complaint, Mr. Lucero, who is Anglo by race and Hispanic by ethnic origin, alleges that he was hired by the Town of Elida as a police officer in October 2005 and that he competed a one-year period of probation and thereafter had a vested property or contract right to continued employment with the Town of Elida (Amended Complaint ¶¶ 1 & 8-9, Doc.  No. 4).  In 2007, Plaintiff alleges that he was "moved to acting chief of police" for the Town of Elida (*Id.* at ¶ 12).  According to Plaintiff's Amended Complaint, prior to Plaintiff's appointment, Mr. Newberry

had been the acting Chief of Police and "was carried on the personnel roster as acting chief because Town of Elida was receiving federal funding which prohibited using grant funds to pay for a Chief of Police" (*Id.* at ¶¶ 10-11 ).  Plaintiff alleges that after Mr. Newberry retired, Plaintiff was appointed to acting Chief of Police "under the same restrictions" as Mr. Newberry; that he received no additional compensation for being acting Chief of Police; and that he "never affirmatively agreed to waive or surrender his protected property right in his employment and would not have accepted the transfer to acting police chief if it had resulted in a waiver" (*Id.* at ¶¶ 12-14).  Plaintiff further contends that the Town of Elida's Personnel Policy restricts personnel performance evaluations to persons in the classified service and that he continued to receive performance evaluations after his appointment to acting Chief of Police, further evidencing that the Town of Elida recognized him as a permanent classified employee (*Id.* at ¶¶ 15-16).

Plaintiff alleges that he "became subjected to an increasing hostile work environment when he tried to perform his job, after Dixon [who is Anglo] was appointed Mayor, including harassment for warning an Anglo member of the City Council of a traffic violation" (*Id.* at ¶¶ 20 & 22).  Plaintiff also alleges that he "was harassed for filing a formal complaint against his subordinate Melvin McAfoos [who is Anglo] for allegedly falsifying records associated with the weapons qualification necessary to maintain his employment" (*Id.* at ¶¶ 21-22).  Plaintiff contends that on or about November 12, 2008, he was told by Mayor Dixon that he could either retire or be terminated, though there was no pending disciplinary action against him (*Id.* at ¶¶ 23 & 25).  Plaintiff contends that under duress he offered to retire effective December 31, 2008, but Mayor Dixon told him that was unacceptable (*Id.* at ¶ 26).  On November 17, 2008, Plaintiff appeared before the Elida Town Council and provided them a letter regarding what had

2

transpired with the Mayor and stating that he was ready, willing and able to continue as a police officer; no action on Plaintiff's employment was announced at that meeting (*Id.* at ¶ 27). Four days later, however, Plaintiff received a letter of termination (*Id.* at ¶ 29).

Plaintiff's Amended Complaint, which is brought against Defendants the Town of Elida and Mayor Dixon, in both his official and personal capacity, alleges that Defendants' conduct in terminating Plaintiff violated Plaintiff's due process rights and further alleges that Defendants' conduct was in violation of 42 U.S.C. § 1981 in that Plaintiff was fired so that an Anglo could be appointed to his position (*Id.* at ¶¶ 30-41).

On February 1, 2010, Defendants filed a Motion for Summary Judgment on Plaintiff's Procedural Due Process Claims (Doc. No. 16). In their Motion, Defendants argue (1) that Plaintiff's procedural due process claim should be dismissed because Plaintiff did not have a protected property interest in his employment as Chief of Police and (2) even if Plaintiff had a protected property interest in his employment, Defendant Dixon is entitled to qualified immunity to the extent he is sued in his individual capacity (*Id.* at 5-12). In their statement of undisputed material facts, Defendants submit that on March 19, 2007, Plaintiff was appointed Chief of Police (not "acting" Chief of Police). As evidence to support their contention that Plaintiff was appointed Chief of Police, Defendants submit Minutes from the March 19, 2007 Town Meeting, Plaintiff's Commission Card, Plaintiff's Agency Employment Action form, and the Town of Elida's Personnel Policy (*Id.* at 2-3 & Exs. A, C-E). Defendants also contend that the Town of Elida's Personnel Policy does not limit or restrict the use of performance evaluations to non-appointed employees and submit Plaintiff's performance evaluations, noting that the January 2008 evaluation refers to Plaintiff's position as "Chief" and describes his skill as a "supervisor" (*Id.* at 3 & Ex. F). Defendants further submit a facsimile from the U.S. Department of Justice,

which indicates that a federal COPS grant (presumably the grant referred to in Plaintiff's complaint) expired on November 30, 2006—*i.e,* before Plaintiff's appointment (*Id.* at 4 & Ex. H).  Finally, Defendants submit the Minutes from the March 14, 2006 Town Meeting at which Mr. Newberry was appointed acting Chief of Police (*Id.* at 4 & Ex. I).

On February 5, 2010, Defendants moved to stay discovery pending resolution of their Motion for Summary Judgment on the basis that Defendant Dixon had asserted his entitlement to qualified immunity in the Motion for Summary Judgment (Doc. No. 18).  On February 17, 2010, Plaintiff filed the instant Motion to Abate Time to Respond to Summary Judgment, which seeks certain discovery that Plaintiff contends he needs in order to respond to Defendants' pending Motion for Summary Judgment, as well as an extension of time to respond to the pending Motion for Summary Judgment until 15-days after receipt of the discovery (Doc. No. 19).  And on February 25, 2010, the Magistrate Judge issued an Order Staying Discovery Proceedings (Doc. No. 25).  In that Order, the Magistrate Judge specifically declined to rule on the pending Motion to Abate Time to Respond to Summary Judgment, leaving that matters therein to be addressed by me.

## ANALYSIS

Federal Rule of Civil Procedure 56(f) provides that if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."  "The general principle of Rule 56(f) is that summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th

Cir. 2000) (internal quotation marks omitted).  In accordance with this principle, courts have recognized that a party's Rule 56(f) application "should be treated liberally unless dilatory or lacking in merit."  *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984).

However, while "[a] district court has discretion to determine whether to allow additional discovery following the filing a Rule 56(f) affidavit," this discretion "is not without bounds, particularly when the summary judgment motion is grounded on a claim of qualified immunity." *Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990).  The Tenth Circuit has explained that "Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits 'against government officials [should] be resolved *prior to discovery and on summary judgment* if possible.'"  *Jones v. City & County of Denver*, 854 F.2d 1206, 1211 (10th Cir.1988) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987) and further cautioning that "[l]iberal application of rule 56(f) should not be allowed to subvert the goals of *Harlow* and its progeny," which recognize that qualified immunity protects an official not just from liability but also from the costs of trial and the burdens of broad-reaching discovery).  "Accordingly, in response to a summary judgment motion based on qualified immunity, a plaintiff's 56(f) affidavit must demonstrate 'how discovery will enable them to rebut a defendant's showing of objective reasonableness' or, stated alternatively, demonstrate a 'connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion.'"  *Lewis*, 903 F.2d at 758 (quoting *Jones*, 854 F.2d at 1211).

In this case, while Defendant Dixon has asserted a qualified immunity defense, summary judgment is also being sought as to the claims against Defendant the Town of Elida.   Thus,

while this Court is mindful of the needs to protect Mayor Dixon from the burdens of broad-based discovery until after this Court addresses the issue of qualified immunity, it is also mindful of the fact that the pending summary judgment motion is not limited to the issue of qualified immunity.

In his Motion to Abate Time to Respond to Summary Judgment, Plaintiff identifies three categories of discovery that he contends he needs in order to properly respond to Defendants' Motion for Summary Judgment, namely:  (1) the Elida Police Department Personnel Policy; (2) records associated with the federal grant to the Town of Elida; and (3) records pertaining to former Chiefs of Police.  This Court addresses each category of discovery below.

**1.      The Elida Police Department Personnel Policy**

First, Plaintiff seeks a copy of the Elida Police Department Personnel Policy.  As noted above, in support of their Motion for Summary Judgment, Defendants rely on the Town of Elida's Personnel Policy (Doc. No. 16 at 3, 7-9 & Ex. E).  Section 1.2 of the cited Personnel Policy, however, states that it "supersedes all previously issued personnel rules and regulations . . . applicable to employees of the Town of Elida, *with the exception of the Elida Police Department which maintains a separate personnel policy.*"  (Doc. No. 16 at Ex. E, § 1.2 (emphasis added)).

This Court notes that Plaintiff's arguments regarding the Elida Police Department Personnel Policy are confusing.  On the one hand, Plaintiff appears to be arguing that Defendants are relying on an incorrect personnel policy and should be relying on the Elida Police Department Personnel Policy (Doc. No. 19-2 at 2-4).  On the other hand, in paragraph 13 of Plaintiff's affidavit, he asserts that discovery will establish that there was no separate personnel policy for the Elida Police Department (Doc. No. 19-3).  While it is unclear whether a separate personnel policy exists, it is clear that Plaintiff needs a complete set of the relevant personnel

6

policies in order to properly know what rules and policies applied to his employment and to properly respond to the arguments Defendants advance on summary judgment.

Recognizing that Section 1.2 of the Town of Elida's Personnel Policy specifically references a separate policy for police department personnel, in response to Plaintiff's Motion to Abate, Defendants produce three items: (1) a compact disk that apparently contains Elida's Police Rules and Regulations in their entirety; (2) a hard copy of the "personnel" portions of the Police Rules and Regulations; and (3) an authenticating affidavit (Doc. No. 23 at 4 & Exs A, A-1 & B). Defendants maintain that no other policy exists (*Id.* at 4).

In light of the arguments and representations made by the parties, this Court will order that within 14-days following entry of this Order, the Town of Elida must produce any Elida Police Department Personnel Policy that exists and has not yet been produced or, if no additional policies exist, must provide a sworn affidavit indicating that after a proper inquiry, it has determined that no additional policies exist. Given the discrete nature of what is being required, and the fact that to the extent that any additional policies exist, they should be in the possession of the Town of Elida, requiring the production of any such policies (or an affidavit confirming that no additional policies exist) should not impose any significant burden on Defendant Dixon.

**2.      Grant-Related Documents**

Second, Plaintiff seeks grant-related documents. As noted above, Plaintiff maintains that his predecessor, Mr. Newberry, was carried on the Town of Elida's personnel roster as "acting" Chief of Police because the Town of Elida "was receiving federal funding which prohibited using grant funds to pay for a Chief of Police" and further maintains that he was appointed acting Chief of Police "under the same restrictions" as Mr. Newberry (Doc. No. 4 at ¶¶ 11-12). Plaintiff contends that the grant files are likely to show that Defendants knew that grant funding

could not be used to pay administrative personnel costs and that, as a consequence, both former Chief Newberry and Plaintiff were carried on the Town of Elida's personnel roster as "acting" Chief of Police in order to charge payroll amounts to the grant.  Defendants, on the other hand, maintain that grant-related documents are irrelevant as the grant expired prior to Plaintiff assuming the position of Chief of Police.  In so arguing, Defendants rely on Exhibit H to their Motion for Summary Judgment, which is a one-page facsimile from the U.S. Department of Justice that indicates that the federal COPS grant expired on November 30, 2006.

This Court will require the Town of Elida to produce the grant file, including any documentation showing the use of grant funds to pay for law enforcement personnel salaries and any correspondence or documentation relating to any extensions of the grant, within 14-days after entry of this Order.  Plaintiff has clearly articulated why he believes these documents, which are in the sole possession of Defendants, will aid him in opposing the pending Motion for Summary Judgment.  While this Court acknowledges that Defendants have produced a facsimile that indicates the grant at issued expired before Plaintiff assumed the position of Chief of Police, Plaintiff should not be required to rely on a single page selected by Defendants.  Moreover, as the material being sought should be in the possession of the Town of Elida, requiring the production of this evidence should not impose any significant burden on Defendant Dixon.

**3.      Records Pertaining to Former Acting Chief of Police Newberry**

Finally, Plaintiff requests personnel documents pertaining to former acting Chief of Police Newberry.  In his affidavit, Plaintiff states that he is requesting "any performance evaluation documents for the Town of Elida's Acting Chief in 2007, 2008 and 2009," which would have been Mr. Newberry (Doc. No. 19-3 at ¶ 12).  The affidavit further directs the Court to Plaintiff's fifth request for production, which seeks performance evaluations for "each person

8

appointed as acting or regular Chief of Police," as well as a copy of any policies, regulations or documents authorizing the evaluations (*Id.* at ¶ 4).  In his reply brief, Plaintiff argues more broadly that Mr. Newberry's "personnel file would contain personnel action forms; a commission card; performance evaluations and other documents which would demonstrate whether the title acting chief was carried forward on the same type of documents Defendants attempt to use to deny Lucero his property right" (Doc. No. 27 at 5).  Plaintiff asserts that "[i]t would be patently unfair for the court to consider documents defendant is relying on without producing identical or similar documents from Lucero[']s predecessor" (*Id.*).

As noted above, in support their contention that Plaintiff was appointed Chief of Police (as opposed to "acting" Chief of Police"), Defendants submit as exhibits to their Motion for Summary Judgment Plaintiff's Commission Card, Plaintiff's Agency Employment Action form, and Plaintiff's performance evaluations (Doc. No. 16 at Exs. C-D & F).  As Defendants acknowledge that Mr. Newberry, Plaintiff's predecessor, was "acting" Chief of Police, a comparison of the same documents from Mr. Newberry's file is relevant to assessing the validity of the arguments being made and the weight that should be placed on Defendants' evidence. Accordingly, this Court will require the Town of Elida to produce, within 14-days from the entry of this Order:  (1) any performance evaluations for Mr. Newberry during the time period he served as acting Chief of Police; (2) Mr. Newberry's Commission Card(s) for the time period he served as acting Chief of Police; and (3) Mr. Newberry's Agency Employment Action form(s) reflecting his promotion or appointment to acting Chief of Police, reflecting his retirement from the position, and/or reflecting any other employment action taken during the time period he

served as acting Chief of Police.[1]  The Court will also order production of any policies, regulations or documents authorizing the evaluation of either Mr. Newberry and/or Plaintiff during the period they served as Chief of Police or acting Chief of Police to the extent such documents exists and have not already been produced.  Again, requiring the production of this narrow set of documents from the Town of Elida should not impose any significant burden on Defendant Dixon, nor will it unduly delay resolution of the issue of qualified immunity.

       **IT IS THEREFORE ORDERED** that within 14-days following entry of this Order:

1. The Town of Elida shall produce to Plaintiff any Elida Police Department Personnel Policy that exists and has not yet been produced (*see* Doc. No. 16 at Ex. E, § 1.2 (referencing such policy)) or, if no additional policies exists, shall provide to Plaintiff a sworn affidavit indicating that after a proper inquiry, it has determined that no additional policies exist.

2. The Town of Elida shall produce to Plaintiff the federal COPS grant file, including any documentation showing the use of grant funds to pay for law enforcement personnel salaries and any correspondence or documentation relating to any extensions of the grant.

3. The Town of Elida shall produce to Plaintiff:  (a) any performance evaluations for Mr. Newberry during the time period he served as acting Chief of Police;

---

[1] The Town of Elida should redact Mr. Newberry's date of birth and social security number from the aforementioned documents.  Additionally, to the extent that there are performance evaluations for Mr. Newberry that contain sensitive information regarding Mr. Newberry's performance, the parties should meet and confer regarding appropriate redactions, as Plaintiff's arguments regarding the relevance of Mr. Newberry's evaluations pertain to whether such evaluations took place and any references to position, title or supervisory status therein, rather than to any substantive comments such evaluations may contain regarding the quality of Mr. Newberry's performance.

(b) Mr. Newberry's Commission Card(s) for the time period he served as acting

Chief of Police; and (3) Mr. Newberry's Agency Employment Action form(s)

reflecting his promotion or appointment to acting Chief of Police, reflecting his

retirement from the position, and/or reflecting any other employment action taken

during the time period he served as acting Chief of Police.

4.      The Town of Elida shall produce any policies, regulations or documents

authorizing the evaluation of either Mr. Newberry and/or Plaintiff during the

period they served as Chief of Police or acting Chief of Police.

**IT IS FURTHER ORDERED** that Plaintiff's opposition to Defendants' pending Motion

for Summary Judgment on Plaintiff's Procedural Due Process Claims (Doc. No. 16) shall be

filed 14-days after receipt of the aforementioned information.

**IT IS FURTHER ORDERED** that except as set forth above, the stay of discovery shall

remain in place pending resolution of their Motion for Summary Judgment .

DATED this 19th day of May, 2010.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

Attorney for Plaintiff:
J. Robert Beauvais, Esq.

Attorney for Defendants:
Richard E. Olson, Esq.
Meagan M. Norris, Esq.

11