IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIEGO LUCERO,

        Plaintiff,

v.                                                           Civ. No. 09-1030 MV/KBM

TOWN OF ELIDA, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment on Plaintiff's Procedural Due Process Claims (Doc. 16) and Plaintiff's Motion to Strike Statement of Material Fact and Exhibits Offered in Support of Defendants' Motion for Partial Summary Judgment (Docs. 31-32).  As set forth below, this Court finds that Plaintiff's Motion to Strike should be granted in part and denied in part and that Defendants' Motion for Summary Judgment should be granted.

## FACTUAL BACKGROUND

This case arises out of Plaintiff Diego Lucero's alleged wrongful termination.  Plaintiff was hired as a police officer by the Town of Elida in October 2005.  (Doc. 16 at 2; Doc. 35 at 3).  In approximately October 2006, Plaintiff completed a one-year probationary period and thereafter was a regular full-time classified and commissioned police officer for the Town of Elida with a vested property or contract right to continued employment with the Town of Elida.  (Doc. 4 at ¶ 9; Doc. 8 at ¶ 6; Doc. 35, Ex. A).  In March 2007, however, Plaintiff assumed the

responsibilities of Chief of Police. (Doc. 16, Exs. A & D). The parties, however, disagree as to precisely what occurred in March of 2007. Defendants contend that in March 2007, Plaintiff was appointed Chief of Police and that, as an appointed official, Plaintiff had no property interest in his employment. Plaintiff, however, contends that he (like his predecessor Mr. Newberry) assumed the role of "acting" Chief of Police without forfeiting any property interest he had in continued employment.

On February 1, 2010, Defendants filed the instant Motion for Summary Judgment, which seeks partial summary judgment in Defendants' favor as to Plaintiff's procedural due process claims on the basis that Mr. Lucero did not have a protected property interest in his employment at the time he was terminated.[1] (Doc. 16). Additionally, Defendant Dixon, Mayor of the Town of Elida, claims that he is entitled to qualified immunity as to Plaintiff's procedural due process claims to the extent that he is sued in his individual capacity. (Doc. 16).

In support of their Motion for Summary Judgment, Defendants submit the following evidence:

1. Minutes from the March 19, 2007 Town Meeting at which Mr. Lucero was appointed Police Chief, which provide in the relevant part:

> Since C.D. Newberry retired from his position as Police Chief for Elida effective February 28, 2007, it was necessary to appoint a new police chief. Motion was made to appoint Diego Lucero as Police Chief. Motion was made by Nancy Ward and seconded by Steve Barron. Motion carried. Record of vote: Steve Barron–yes; Durward Dixon–yes; Nancy Ward–yes.

(Doc. 16, Ex. A).

---

[1] While Plaintiff's Amended Complaint also alleges a violation of 42 U.S.C. section 1981, the instant Motion for Summary Judgment is not directed to that claim.

    2. Mr. Lucero's Commission Card, dated May 1, 2008, which lists Mr. Lucero as "Chief of Police."  (Doc. 16, Ex. C).

    3. An Agency Employment Action Form for Mr. Lucero, which lists the type of action being taken as a "Promotion" and the date of the action as March 19, 2007.  The form lists Mr. Lucero's title, rank or classification as "Chief" and is signed by Mr. Lucero.  (Doc. 16, Ex. D).

    4. The Town of Elida Personnel Policy Ordinance No. 90 (Doc. 16, Ex. E)

    5. Two Employee Performance Evaluations for Mr. Lucero:  one covering the period from January 2006 to January 2007 and one covering the period from January 2007 to January 2008.  The earlier evaluation does not list Mr. Lucero's position, but the later evaluation lists his position as "Chief."  (Doc. 16, Ex. F).

    6. Minutes from the March 14, 2006 Town Meeting at which Mr. Newberry (Plaintiff's predecessor) was appointed "acting Chief of Police."  In the relevant part, the minutes provide: "Since the Town of Elida does not presently have a Chief of Police, Nancy Ward made a motion to appoint C.D. Newberry as acting Chief of Police. . . . Motion carried."   (Doc. 16, Ex. I)

    7. Minutes from the August 21, 2006 Town Meeting that reflect the passage of a motion to raise the annual salary for both Mr. Newberry and Mr. Lucero to $30,000.  (Doc. 16, Ex. G).

    On February 17, 2010, Plaintiff filed a Motion to Abate Time to Respond to Summary Judgment, which sought certain discovery that Plaintiff believed he needed in order to respond to Defendants' pending Motion for Summary Judgment.  (Doc. 19).  On May 19, 2010, this Court granted Plaintiff's request for certain discovery.  Among other things, this Court ordered the Town of Elida to produce any Elida Police Department Personnel Policy that exists and had not yet been produced or, if no additional policies exist, to provide Plaintiff a sworn affidavit

indicating that after a proper inquiry, it had determined that no additional policies exist. (Doc. 29 at 6-7, 10). This Court also ordered the Town of Elida to produce Mr. Newberry's performance evaluations, Commission Card(s), and Agency Employment Action Form(s) for the period in which he served as acting Chief of Police. (Doc. 29 at 8-11). On May 28, 2010, the Town of Elida filed a notice indicating its compliance with the Court's May 19, 2010 Order. (Doc. 30).

On June 8, 2010, Plaintiff filed the instant Motion to Strike, which seeks to strike alleged "Undisputed Material Facts" set forth in Defendants' Motion for Summary Judgment, as well as certain exhibits submitted in support of the Motion for Summary Judgment. (Docs. 31-32). That same day, Plaintiff also filed his response to Defendants' Motion for Summary Judgment. (Doc. 35). The only evidence Plaintiff submitted in response to Defendants' Motion for Summary Judgment is a three-page Affidavit of Plaintiff, Diego Lucero. (Doc. 35, Ex. A). In the portion of the Affidavit relevant to whether Mr. Lucero had a property interest in his employment at the time he was terminated, Mr. Lucero avers:

> 4. After Chief Newberry retired in March, 2007, I told the Mayor and City Council I would not assume the appointed position of Chief of Police if it required me to waive my property and contract rights as a permanent classified employee. I never intentionally or voluntarily waived my protected property interest in public employment.
>
> 5. My reason for not leaving the classified service was I was two years away from vesting a PERA retirement.
>
> 6. I never took a statutory oath or was required to post a bond as is requested of appointed public officials.
>
> 7. I did not receive any salary or benefit differential from police officer during the time I was acting as Chief of Police.

(Doc. 35, Ex. A).

**PLAINTIFF'S MOTION TO STRIKE**

This Court first addresses Plaintiff's Motion to Strike, which seeks to strike (1) the Town of Elida Personnel Policy Ordinance No. 90 (Doc. 16, Ex. E) and all of Defendants' "Undisputed Material Facts" referencing or quoting the Personnel Policy; (2) Mr. Lucero's Commission Card and all of Defendants' "Undisputed Material Facts" referencing or quoting the Commission Card; and (3) hearsay statements regarding any requests or actions by Mr. Newberry that Plaintiff receive the same salary as the Chief of Police.

**A.     The Town of Elida Personnel Policy Ordinance No. 90**

As noted above, in support of their Motion for Summary Judgment, Defendants submit the Town of Elida's Personnel Policy Ordinance No. 90 and reference or quote from the Personnel Policy in paragraphs 7-11 of their "Undisputed Material Facts." (Doc. 16 at 3 & Ex. E).  Section 1.2 of the Personnel Policy, however, provides that the personnel rules contained in the Policy "replace and supersede all previously issued personnel rules and regulations . . . applicable to employees of the Town of Elida, *with the exception of the Elida Police Department which maintains a separate personnel policy.*"  (Doc. 16, Ex. E at § 1.2 (emphasis added)). Citing section 1.2, Plaintiff filed a Motion to Abate Time to Respond to Summary Judgment, which sought *inter alia* production of the Elida Police Department Personnel Policy.  (Doc. 19). In response to Plaintiff's Motion to Abate, Defendants produced three items:  (1) a compact disk that apparently contains Elida's Police Rules and Regulations in their entirety; (2) a hard copy of the "personnel" portions of the Police Rules and Regulations; and (3) an authenticating affidavit. (Doc. 23 at 4 & Exs A, A-1 & B).  Defendants maintain that no other relevant personnel policies exist.  (Doc. 23 at 4).  In light of the arguments and representations made by the parties in connection with the Motion to Abate, on May 19, 2010, this Court ordered the Town of Elida to

produce to Plaintiff any Elida Police Department Personnel Policy that exists and had not yet been produced or, if no additional policies exist, to provide to Plaintiff a sworn affidavit indicating that after a proper inquiry, the Town of Elida had determined that no additional policies exist.  (Doc. 29 at 6-7, 10).  On May 28, 2010, Sandra Monks, the Town Clerk for the Town of Elida, signed an affidavit swearing that the Town of Elida had produced to Plaintiff the Town of Elida's Personnel Policy and the Town of Elida's Police Rules and Regulations in their entirety and that "[u]pon belief formed after a reasonably diligent inquiry, no additional Elida Police Department Personnel Policy exists."  (Doc. 36, Ex. A).

In the Motion to Strike, Plaintiff argues that the Town of Elida Personnel Policy Ordinance No. 90 (Doc. 16, Ex. E) and all of Defendants' "Undisputed Material Facts" relating thereto should be struck because an unproduced Elida Police Department Personnel Policy is controlling.  This Court denies Plaintiff's request to strike this material, as it has no reason to doubt Ms. Monks's sworn statement that after a diligent inquiry, it was determined that no additional Elida Police Department Personnel Policy exists.  While this Court will certainly take into account the language of section 1.2 in assessing the applicability of the Town of Elida's Personnel Policy Ordinance No. 90, it will not strike the material based on Defendants' alleged failure to produce a policy that the Town Clerk has sworn does not exist.  As Plaintiff is in possession of both the Town of Elida Personnel Policy Ordinance No. 90 and the Town of Elida's Police Rules and Regulations, and there is a sworn affidavit indicating that no additional Elida Police Department Personnel Policy exists, to the extent Plaintiff contends his property interest in employment is based on a personnel policy, he would appear to have all relevant policies in his possession.

**B.      Mr. Lucero's Commission Card**

Mr. Lucero next requests that this Court strike Exhibit C to Defendants' Motion for Summary Judgment—a copy of Plaintiff's Commission Card—and paragraphs 4-6 of Defendants' "Undisputed Material Facts," which reference the Commission Card. (Doc. 16 at 2-3 & Ex. C). In its May 19, 2010 Order, this Court Ordered the Town of Elida to produce certain personnel documents pertaining to former acting Chief of Police Newberry, including Mr. Newberry's Commission Card(s). (Doc. 29 at 8-11). As Defendants acknowledge that Mr. Newberry was "acting" Chief of Police, but contend that Plaintiff was not merely "acting" Chief of Police but was appointed Chief of Police, this Court ordered the production of the documents so that Plaintiff would have an opportunity to compare the documents pertaining to him to the documents pertaining to Mr. Newberry. (Doc. 29 at 8-11). The Town of Elida, however, was unable to located Mr. Newberry's commission card. According to the Affidavit of Sandra Monks, Town Clerk, she was unable to locate Mr. Newberry's Commission Card after a reasonably diligent inquiry and believes that upon Mr. Newberry's retirement, he gave his Commission Card to Mr. Lucero. (Doc. 36, Ex. A). The Affidavit of C.D. Newberry, Jr. confirms that he did not retain a copy of his Commission Card after retiring and that he believes he gave his Commission Card to Mr. Lucero when he left employment with the Town of Elida. (Doc. 36, Ex. B). While it is unfortunate that Mr. Newberry's Commission Card was not available to Plaintiff, this Court does not find that its unavailability justifies striking the copy of Mr. Lucero's Commission Card and the references thereto.

**C.      Actions by Mr. Newberry Relating to Plaintiff's Salary**

Finally, Plaintiff asks that the Court strike paragraph 13 of Defendants' "Undisputed Material Facts" and Exhibit G—the Minutes from the August 21, 2006 Town Meeting that

reflect the passage of a motion to raise the annual salary for both Mr. Newberry and Mr. Lucero to $30,000—to the extent that they contain "hearsay or attributions which are not supported by foundation regarding any requests or action by Chief Newberry that Plaintiff receive the same salary as the Chief of Police." (Doc. 32 at 6). Paragraph 13 reads:

> Plaintiff did not receive a pay increase when he was appointed Chief of Police because the previous Chief of Police, Corky Newberry, had requested that the Town's police officer, then Plaintiff, receive the same salary as the Chief of Police. See Minutes from Town Meeting held in August 2006, reflecting pay increase for Plaintiff, then a police officer, attached hereto as Exhibit G.

(Doc. 16 at 3-4).

The Court finds that paragraph 13 is not sufficiently supported by Exhibit G. Exhibit G reflects that in August 2006 (a period during which Mr. Newberry was serving as acting Chief of Police), the Town of Elida passed a motion to raise the annual salary of both Mr. Newberry and Mr. Lucero to $30,000. (Doc. 16, Ex. G). In other words, at least after the August 2006 raises, both individuals were receiving the same annual salary. Exhibit G, however, does not indicate that this was why Plaintiff did not receive a pay increase when he was appointed Chief of Police, nor does it indicated that Mr. Newberry had requested that the Town's police officer (then Plaintiff) receive the same salary as the Chief of Police.

In response to the Motion to Strike, however, Defendants submitted additional evidence. First, they submitted an Affidavit of C.D. Newberry, Jr., in which Mr. Newberry avers that while he was serving as acting Chief of Police, he "recommended to the Town of Elida Board of Trustees that Diego Lucero, then a regular police officer under [his] supervision, receive a pay raise such that his salary would be equal to [Mr. Newberry's] salary." (Doc. 36, Ex. B). Second, Defendants submitted minutes from the May 15, 2006 Town Meeting, which state in the relevant part:

> The Trustees discussed a raise for Diego Lucero, recommended by acting Chief C.D. Newberry. Steve Barron made a motion to increase Diego Lucero's salary by $150 per month to bring the monthly salary to $2300 per month as recommended. Motion was seconded by Nancy Ward. Motion carried.

(Doc. 36, Ex. C).

Based on the evidence submitted by Defendants in support of paragraph 13 and in opposition to Plaintiff's Motion to Strike, the Court finds that it is undisputed that Mr. Lucero received a raise in May 2006 based on a recommendation by Mr. Newberry and that at least as of the August 2006 raise, Mr. Newberry (then acting Chief of Police) and Mr. Lucero were receiving the same annual pay. This Court will not strike these supporting documents. It, however, will strike paragraph 13. While one may infer from the evidence submitted that the reason Plaintiff did not receive a pay increase when he was appointed Chief of Police was due to the fact that Mr. Newberry, while serving as Chief of Police, had requested that the Town's police officer, then Plaintiff, receive the same salary as the Chief of Police, there is not direct evidence that this was the reason Plaintiff did not receive a pay increase and other inferences could be drawn from the evidence. Moreover, this Court does not find that the inference drawn by paragraph 13 is necessary to its resolution of Defendants' Motion for Summary Judgment. Accordingly, this Court will strike paragraph 13 of Defendants' "Undisputed Material Facts," but will deny the other relief requested by Plaintiff's Motion to Strike.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "In ruling on summary judgment, the court must resolve all ambiguities and draw all factual

inferences in favor of the non-moving party." *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1287 (10th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

**A.      Procedural Due Process**

"To set forth an actionable procedural due process claim, a plaintiff must demonstrate: (1) the deprivation of a liberty or property interest and (2) that no due process of law was afforded." *Stears v. Sheridan County Mem'l Hosp. Bd. of Trs.*, 491 F.3d 1160, 1162 (10th Cir. 2005). Here, Mr. Lucero's due process claim is based on an alleged property interest in his employment. In order to establish a property interest in his employment, Mr. Lucero must establish "'more than a unilateral expectation of it,'" rather he must establish that he has "'a legitimate claim of entitlement'" to continued employment. *Id.* at 1163 (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)); *see also Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998) ("The standard for the existence of a property right in employment is whether the plaintiff has a legitimate expectation of continued employment."). While the Due Process Clause is a source of protection for property, it is not a source of property rights. Rather, "Courts must look to 'existing rules or understandings that stem from an independent source such as state law' to define the dimensions of a protected property interests." *Setliff v. Mem'l Hosp. of Sheridan County*, 850 F.2d 1384, 1395 (10th Cir. 1988) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)). Applying the above standards and as set forth more fully below, this Court finds that Defendants are entitled to summary judgment as to Plaintiff's procedural due process claims as Mr. Lucero did not have a property interest in his employment at the time he was terminated.

Under New Mexico law, appointed public officers do not have a property interest in their employment. In *Webb v. Village of Ruidoso Downs*, 117 N.M. 253, 871 P.2d 17 (N.M. Ct. App.

1994), the plaintiff, a former clerk-treasurer of the Village of Ruidoso Downs, argued that she was wrongfully terminated by the Village as the Village had failed to comply with its merit system ordinance in terminating her.  While the District Court ruled in the plaintiff's favor, the New Mexico Court of Appeals reversed.  Though the New Mexico Court of Appeals assumed, without deciding, that the merit system ordinance by its terms covered the plaintiff (and there was no dispute that the Village had failed to comply with the ordinance in terminating the plaintiff), it nonetheless found that reversal was required as "the New Mexico statute authorizing municipalities to enact merit system ordinances for municipal employees does not authorize such ordinances to cover municipal officers."  *Id.* at 254-56, 871 P.2d at 18-20 (explaining NMSA 1978, § 3-13-4 "authorizes only merit system ordinances that apply to employees" and that "[m]unicipalities have no authority to protect appointed public officers through such ordinances").  While the Court in *Webb* recognized that it is often difficult to determine whether a particular position is an appointed office, the Court found that there was no difficulty in that case determining that a municipal clerk-treasurer is an appointed officer as NMSA 1978, section 3-12-4, which is entitled "Governing body to provide for creation of certain appointive offices," explicitly provides that "[t]he governing body of each municipality shall provide for the office of clerk, treasurer and police officer."  *Id.* at 256, 871 P.2d at 20; NMSA 1978, § 3-12-4(A).  Accordingly, the Court in *Webb* concluded that this statute "expresses a legislative determination that the position of municipal clerk-treasurer is an office."  *Webb*, 117 N.M. at 256, 871 P.2d at 20.

     This Court likewise finds that the position occupied by Mr. Lucero—Chief of Police—was an appointed public office pursuant to NMSA 1978, section 3-12-4(A).  In so holding, this Court notes that in *Maez v. Coppler & Aragon, P.C.*, No. 97-2378, 1999 WL

176129 (10th Cir. Mar. 31, 1999) (unpublished), the Tenth Circuit faced the question of whether the Village Marshal/Chief of Police of the Village of Chama, New Mexico was an appointed official under New Mexico law. In that case, the plaintiff, Mr. Maez, argued that his procedural due process rights were violated by the Village of Chama when it terminated him from his position as Police Marshal of the Village of Chama. *Id.* at *1. The District Court granted summary judgment in favor of the defendants as it found that Mr. Maez was an appointed official under NMSA 1978, section 3-12-4 and that, as an appointed official, he had no property interest in his employment and the Tenth Circuit affirmed. *Id.* at *1-4. Among other things, in finding that Mr. Maez was an appointed official with no property interest in his position, the Tenth Circuit noted that Mr. Maez had held himself out as the Village Marshal or Chief of Police, had signed records as Marshal/Chief of Police, and had worn a badge identifying himself as Chief of Police; that the Mayor had testified that he reappointed Mr. Maez as the Village Marshal; and that Mr. Maez had failed to designate specific facts that could lead a rational trier of facts to find he was a non-appointed employee. *Id.* at *2.

  Here, the documentary record similarly demonstrates that Mr. Lucero was appointed and accepted the appointment to the position of Chief of Police. The Minutes from the March 19, 2007 Town Meeting reflect Mr. Lucero's appointment as Police Chief. (Doc. 16, Ex. A). The March 2007 Agency Employment Action Form, which is signed by Mr. Lucero, acknowledges Mr. Lucero's promotion and lists his position as "Chief." (Doc. 16, Ex. D). Mr. Lucero's Commission Card, dated May 1, 2008, lists Mr. Lucero as "Chief of Police" and Mr. Lucero's Employee Performance Evaluation for the period from January 2007 to January 2008 likewise lists his position as "Chief." (Doc. 16, Exs. C & F).

In contrast to the documents submitted by Defendants clearly indicating that Mr. Lucero assumed the position of Chief of Police, Mr. Lucero relies solely on his affidavit. This Court finds that Mr. Lucero's affidavit fails to raise a genuine issue of material fact. In paragraphs 4 and 5 of his affidavit, Mr. Lucero avers that he never intentionally or voluntarily waived his protected property interest in public employment and that he told the Mayor and City Council that he would not assume the appointed position of Chief of Police if it required him to waive his property and contract rights as a permanent classified employee as he was two years away from vesting a PERA retirement. (Doc. 35, Ex. A). Notably, Mr. Lucero's affidavit does not state when this statement was made or how the Mayor or the Board of Trustees responded. However, even had Mr. Lucero averred that someone from the Town of Elida had represented to him that he would not waive his property interest in his employment by accepting the position of Chief of Police, this would not itself suffice to bind the Town. To the contrary, this argument was rejected by the New Mexico Court of Appeals in *Silva v. Town of Springer*, 121 N.M. 428, 912 P.2d 304 (N.M. Ct. App. 1996). In that case, Ms. Baca, the former Clerk-Treasurer of the Town of Springer, argued that the Town should be estopped from terminating her without following the provisions of the Town's merit system ordinance because prior to accepting the promotion to the appointed position of Clerk-Treasurer, Ms. Baca was assured by the Town Administrator and several members of the Town Council that the Town's merit system ordinance, protecting employees from arbitrary termination, would be extended to apply to her and that she relied upon these representations in accepting the promotion. *Id.* at 431-32, 912 P.2d at 307-08. The New Mexico Court of Appeals rejected this argument, as such representations were without statutory authority and thus were not valid acts capable of binding the Town. *Id.*; *see also Trujillo v. Gonzales*, 106 N.M. 620, 621-22, 747 P2d 915, 916-17 (N.M. 1987) (actions of two county

13

commissioners purporting to extend a two-year employment agreement to the plaintiff was without statutory authority and thus not a valid act capable of binding the county); NMSA 1978, § 3-12-2(A) & (C) (authority of a municipality is vested in the governing body and questions before the governing body must be decided by a majority vote of the members present unless otherwise provided by law).  Accordingly, this Court finds that by accepting the position of Chief of Police, an appointed public office pursuant to New Mexico law, Mr. Lucero relinquished any property interest he may have had in his previous position.  Additionally, though Mr. Lucero avers in paragraph 7 of his affidavit that he "did not receive any salary or benefit differential from police officer during the time [he] was acting as Chief of Police," this Court does not find that an increase in pay or benefits is required for one to relinquish rights in a previous position.[2]  (Doc. 35, Ex. A).  This Court therefore concludes that paragraphs 4, 5 and 7 of Mr. Lucero's affidavit are insufficient to create a genuine issue of material fact.

　　　　This Court likewise finds that paragraph 6 of Mr. Lucero's affidavit fails to raise a genuine issue of material fact.  In paragraph 6, Mr. Lucero avers that he never took a statutory oath or posted a bond as required by the Constitution of the State of New Mexico, Article XX,

---

[2] The undisputed evidence is that at least as of his August 2006 raise, Mr. Lucero (then a police officer) was receiving the same pay as Mr. Newberry (then acting Chief of Police). (Doc. 16, Ex. G).  However, even in the absence of evidence regarding Mr. Lucero's salary history, this Court would still find summary judgment appropriate.  While an increase in pay may be probative of a change in employment status and a relinquishment of rights, it does not follow that a change in pay is required.  As discussed above, the record here clearly demonstrates that Mr. Lucero accepted the position of Chief of Police, an appointed position in which no property interest exists under New Mexico law.

section 1 and NMSA 1978, section 3-10-2.[3] (Doc. 35, Ex. A). As a preliminary matter, it appears that Mr. Lucero may not have been required to post an individual bond as the Town of Elida maintained blanket coverage for losses incurred due to criminal activity and/or the dishonesty of its officers. (Doc. 37, Ex. A). More significantly, however, even assuming that there was non-compliance with these requirements, it would not render Mr. Lucero a non-appointed official with a property interest in his position. In *Maez*, the Tenth Circuit rejected the argument that alleged defects in the appointment process were sufficient to render the plaintiff a non-appointed official with a property interest in his position. 1999 WL 176129, at *4. There, the plaintiff, the former Police Marshal of the Village of Chama, argued that he could not have been appointed because there was no written record that he was appointed by the mayor with the consent of the board of trustees of the Village, as he contended was required by Village Ordinance and state statue. *Id.* Rejecting this argument, the Tenth Circuit stated that even if such a requirement existed, "the failure to comply with it would not automatically convert [the plaintiff] into an employee with a property interest" and held that even if the plaintiff's appointment as Police Marshal was defective, the fact that he had acted as Police Marshal and

---

[3] Article XX, section 1 of the Constitution of the State of New Mexico provides: "Every person elected or appointed to any office shall, before entering upon his duties, take and subscribe to an oath or affirmation that he will support the constitution of the United States and the constitution and laws of this state, and that he will faithfully and impartially discharge the duties of his office to the best of his ability." NMSA 1978, section 3-10-2(A) sets forth the requirements for the oath for municipal officers, providing: "Any officer elected or appointed to any municipal office shall take an oath or affirmation to support the constitution of the United States, the constitution and laws of New Mexico and to faithfully perform the duties of his office." And NMSA 1978, section 3-10-2(B) requires a bond to be posted, providing: "For the care and disposition of municipal funds in the employee's custody and for the faithful discharge of the employee's duties, the governing body of the municipality shall require a corporate surety bond from the treasurer, the police officer and any other employee it designates. In lieu of individual corporate surety bonds, the governing body may secure a blanket corporate surety bond. The municipality shall pay for the surety bond."

been treated as such rendered him a de facto appointed official with no property interest in his position. *Id.; see also Arellano v. Lopez*, 81 N.M. 389, 393, 467 P.2d 715, 719 (N.M. 1970) (assuming appointment of council member was invalid, appointee was de facto, if not de jure, member of council during the period he served under the appointment and was clothed with all the powers of a de jure councilman if, indeed, he was not one). Accordingly, this Court concludes that Mr. Lucero's failure to take the statutory oath or to post a bond did not render him a non-appointed official for purposes of a due process analysis.

  Finally, this Court addresses the Town of Elida's Personnel Policy Ordinance No. 90. Personnel Policy Ordinance No. 90 defines an "At-Will Employee" as "[a]n employee appointed by elected officials, by statute, contract or job description, who serves at the discretion of the elected officials" and provides that at-will employees "serve at the discretion of the Mayor and Board of Trustees and may be dismissed with or without cause, without recourse to appeal." (Doc. 16, Ex. E at §§ 2.5 & 7.6). The Personnel Policy is thus in accord with New Mexico law providing that appointed officials lack a property interest in their employment. As noted above, however, Mr. Lucero argues that the Personnel Policy is inapplicable because section 1.2 of the Personnel Policy states that the rules contained therein "replace and supersede all previously issued personnel rules and regulations . . . applicable to employees of the Town of Elida, with the exception of the Elida Police Department which maintains a separate personnel policy." (Doc. 16, Ex. E at § 1.2). The problem with Mr. Lucero's argument, however, is at least two-fold. First, it is not enough for Mr. Lucero merely to argue that the Personnel Policy is inapplicable. Mr. Lucero must have some basis for his alleged property interest in his employment and he has come forward with no additional policy that he argues gives rise to an

expectation of continued employment, especially in light of the law discussed above.[4] Accordingly, even assuming that the Personnel Policy cited by Defendants is inapplicable, this Court would still find that Defendants are entitled to summary judgment as to Mr. Lucero's procedural due process claims. Second, as noted above, in *Webb v. Village of Ruidoso Downs*, the New Mexico Court of Appeals held that the New Mexico statute authorizing municipalities to enact merit system ordinances for municipal employees does not authorize such ordinances to extend to municipal officers. 117 N.M. at 254-56, 871 P.2d at 18-20. In light of this, even assuming that the Town of Elida had enacted a policy purporting to extend a property interest in continued employment to the Chief of Police, such policy would be invalid and would not give rise to a property interest.[5]

---

[4] As noted above, Plaintiff is in possession of both the Town of Elida Personnel Policy Ordinance No. 90 and the Elida's Police Rules and Regulations, and there is a sworn affidavit indicating that no additional Elida Police Department Personnel Policy exists.

[5] In the alternative, relying on the Town of Elida's Personnel Policy Ordinance No. 90, Mr. Lucero argues that the fact he was given performance evaluations gives rise to an expectation of continued employment as the Personnel Policy provides that "[r]egular employees shall receive a written performance evaluation annually." (Doc. 16, Ex. E at § 8.1). Regular employees, in turn, are defined as those who have "completed the probationary period" and are "not subject to contract or term conditions" and the Policy further regulates discipline and dismissal of regular employees, including allowing regular employees to grieve dismissal through the formal grievance process. (Doc. 16, Ex. E at §§ 3.1-3.2, 7.6 & 9.1-9.5). There are a number of problems with Plaintiff's argument. First, the argument is inconsistent with Plaintiff's position that the Personnel Policy is inapplicable. Second, the argument is premised on a faulty syllogism. It is true that the Policy dictates that regular employees receive performance evaluations and that Mr. Lucero received performance evaluations. However, it does not follow from these premises that Mr. Lucero was a regular employee. To the contrary, nothing in the Personnel Policy prohibits the Town of Elida from evaluating the performance of at-will employees. Third, to the extent the Policy is applicable, it is clear that under the Personnel Policy, appointed officials serve at the discretion of the Mayor and Board of Trustees and may be dismissed with or without cause. (Doc. 16, Ex. E at §§ 2.5 & 7.6). Finally, as noted above, municipalities are without authority to extend merit system ordinances to municipal officers and in the event a personnel policy purports to do so, it is invalid. *Webb*, 117 N.M. at 254-56, 871 P.2d at 18-20.

Accordingly, this Court finds that Defendants are entitled to summary judgment as to Mr. Lucero's procedural due process claims as the undisputed facts establish that Mr. Lucero lacked a property interest in his employment with the Town of Elida at the time he was terminated.

**B.     Qualified Immunity**

The qualified immunity doctrine shields government officials from suits for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In contrast to a typical motion for summary judgment, which places the burden on the moving party, when a defense of qualified immunity is raised, the plaintiff bears the burden of establishing both that (1) "the facts taken in the light most favorable to the plaintiff show that the defendant's conduct violated a constitutional right" and (2) "the right violated was clearly established." *Poolaw v. Marcantel*, 565 F.3d 721, 728 (10th Cir. 2009).[6] "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808 (2009); *see also Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."); *Cortez v. McCauley*, 478 F.3d 1108, 1114

---

[6] In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the United States Supreme Court held that lower courts must move sequentially through these two prongs in assessing whether qualified immunity applies—thus addressing the "clearly established" prong only if first finding the violation of a constitutional right. In *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009), however, the Supreme Court held that lower courts have the discretion to decide which of the two prongs to consider first.

(10th Cir. 2007) (*en banc*) (summary judgment is appropriate if the law did not put the official "on notice that his conduct would be clearly unlawful").

As discussed above, this Court finds that Plaintiff has failed to set forth evidence from which a reasonable jury could conclude that he had a property interest in his employment at the time he was terminated. As this Court finds that Plaintiff cannot establish a property interest in his employment and thus cannot establish a violation of his procedural due process rights, it necessarily follows that Plaintiff cannot establish a violation of a right which is clearly established. Thus, Mayor Dixon is also entitled to summary judgment on the basis of qualified immunity. *See, e.g., Silva*, 121 N.M. at 434, 912 P.2d at 310.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Statement of Material Fact and Exhibits Offered in Support of Defendants' Motion for Partial Summary Judgment (Doc. 31-32) is denied except as follows: This Court will strike paragraph 13 of Defendants' "Undisputed Material Facts," but will not strike the documents submitted in support thereof.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Procedural Due Process Claims (Doc. 16) is granted. Summary judgment is hereby granted in favor of Defendants and against Plaintiff as to Plaintiff's procedural due process claims.

DATED this 30th day of September, 2010.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

<u>Attorney for Plaintiff</u>:
    J. Robert Beauvais, Esq.

<u>Attorneys for Defendants</u>:
    Richard E. Olson, Esq.
    Jennifer Heim, Esq.